# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY ALTENBACH,<br>    Plaintiff | Civil Action No. 3:14-cv2431 |
| v. | (Judge Mariani) |
| DAVE LINK, *et al.*,<br>    Defendants | |

## MEMORANDUM

I. **Background**

Plaintiff Gregory Altenbach ("Altenbach"), a state inmate formerly incarcerated at the Benner Township State Correctional Institution, in Bellefonte, Pennsylvania, ("SCI-Benner"), commenced this civil rights action on December 23, 2014. (Doc. 1). The matter is proceeding *via* an amended complaint (Doc. 11) wherein Altenbach names the following Defendants: Dave Link, Tammy Ferguson, and Dave Smead. Altenbach alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated because he was subjected to constant illumination in the restricted housing unit, ("RHU"), at SCI-Benner. (*Id.*).

Presently before the Court are several discovery related motions filed by Altenbach, *to wit*, four motions (Docs. 22, 31, 37, 49) to compel discovery, a motion (Doc. 34) for extension of time to

continue discovery, a motion (Doc. 43) for oral argument to resolve discovery disputes, and a petition for writ of habeas corpus ad testificandum (Doc. 42). For the reasons set forth below, Altenbach's first motion (Doc. 22) to compel will be denied as prematurely filed, and the remaining motions (Docs. 31, 34, 37, 42, 43, 49) will be denied without prejudice.

## II. Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. See FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope

and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

## III. Discussion

Altenbach alleges that while confined at SCI-Benner, he was placed in a cell in the RHU with "very bright 24-7 constant illumination". (Doc. 11, p. 3). He asserts that the alleged constant bright light caused sleeplessness, "eye pain and irritation, severe headaches, loss of concentration and focus, exhaustion, and disorientation." (*Id.*). Altenbach contends that Defendants were deliberately indifferent to his well-being, and that the alleged conditions amount to cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at pp. 6-7).

Defendants have answered Altenbach's amended complaint and the parties have engaged in discovery. Altenbach served Defendants with interrogatories, requests for admissions, and requests for production of documents. Defendants state that they answered the interrogatories, and submitted responses to the requests for admissions and requests for production of documents. (Docs. 53, 55). Defendants acknowledge that some of their responses contain objections, which they assert are legitimate. (*Id.*).

Altenbach's first motion to compel was filed before the parties engaged in any discovery. Notably, Altenbach's first motion to

compel was filed on the same date that Defendants filed their answer to the amended complaint. (Docs. 21, 22). Therefore, the motion to compel filed on April 13, 2015 will be denied as prematurely filed. (Doc. 22).

In the second motion to compel, Altenbach requested, *inter alia*, "[a]ny and all January 14, 2016 workorders submitted to the maintenance department by Defendant Link or his agents (other RHU staff and/or officers) for cell JC2055 of the RHU, starting on the exact date that Sci-Benner opened. This is to include workorders, completed workorders, receipts, emails, written requests, and any type of memoranda, investigative files, or any other documents related to any workorders for cell KJC2055 of the RHU since Benner opened." (Doc. 32, pp. 2-3). Defendants objected to this request as overly broad and unduly burdensome. Altenbach subsequently narrowed his time frame for the above-requested information. After review of Altenbach's renewed request, Defendants withdrew their objection and provided Altenbach with documents related to his request. (Doc. 33, Ex. 1) (October 7, 2015 Letter from defense counsel stating that they "reconsidered their initial response and hereby provide [plaintiff] with the responsive documents"). Altenbach

acknowledges that Defendants did "send some of the requested workorders", however he nonetheless seeks additional work orders. (Doc. 45, p. 5).

In the remaining two (2) motions to compel, Altenbach expresses general dissatisfaction with Defendants' responses to his requests. (Docs. 37, 38, 50, 51). Defendants oppose the motions to compel on several grounds. (Docs. 53, 55). First, Altenbach is not entitled to confidential documents or information. (Doc. 53, pp. 2-3; Doc. 55, p. 3). Second, Altenbach's requests are overly broad and not relevant to his claim. (Doc. 53, pp. 3-6). Third, Altenbach's discovery requests were not properly submitted. (Doc. 55, p. 2). In response, Altenbach contends that the requested documents are relevant to his claims, "their probative value outweighs the potentiality of any 'security risks'", and he explains that he improperly submitted discovery requests due to his limited knowledge of the law. (Doc. 61, p. 2; Doc. 62). Moreover, Altenbach "concedes the fact that the defendants have responded to his requests for admissions and interrogatories", and "concedes the fact that the defendants have provided two of Plaintiff's discovery requests for documents, but refuses [sic] to provide the rest." (Doc. 38, p.2).

6

In documents accompanying the motions to compel, the parties highlighted some of Altenbach's requests for production of documents, and Defendants' responses thereto.

The Court is obliged to bring this matter to an orderly and expeditious resolution. It appears that some, if not all, of the present discovery disputes may be resolved without judicial intervention. Consequently, to assist in the orderly and expeditious disposition of this action, the Court will direct the parties to confer[1] in a good faith effort to resolve by agreement all remaining discovery issues within thirty (30) days of the date of this Order. In conferring, the parties are reminded that discovery requests must be relevant to the claims before the Court and that both requests and responses should adhere to the requirements of the Federal Rules of Civil Procedure.

Within ten (10) days following the parties' conference, each party shall submit a separate status report indicating which, if any, discovery issues have been resolved and indicating any outstanding matters which remain in dispute and their respective position with regard to each unsettled issue.[2]

---

[1] The parties may confer either in person or telephonically.

[2] Local Rule 26.3 provides that the movant in a discovery motion shall file as part of the motion "a statement certifying that counsel has conferred with

7

In light of the foregoing discussion, Altenbach's motion (Doc. 43) for oral argument[3], and petition for writ of habeas corpus ad testificandum[4] (Doc. 42) will be denied without prejudice.

An appropriate Order shall issue.

Dated: January /5 , 2016

Robert D. Mariani
United States District Judge

---

counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached. If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved." M.D. Pa. L.R. 26.3.

[3] In the "motion for oral argument to resolve discovery disputes, or in the alternative, motion for telephonic or video hearing to resolve discovery disputes", Altenbach seeks oral argument on the remaining discovery disputes. (Docs. 43, 44).

[4] In the petition for writ of habeas corpus ad testificandum, Altenbach requests that the Superintendent of SCI-Camp Hill produce him for oral argument. (Doc. 42, p. 1).

8