**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY ALTENBACH, | : | Civil No. 3:14-cv-2431 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DAVE LINK, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

Plaintiff Gregory Altenbach ("Plaintiff"), a former Pennsylvania state inmate who, at all times relevant, was housed at the Benner Township State Correctional Institution, in Bellefonte, Pennsylvania, ("SCI-Benner"),[1] commenced this action on December 23, 2014 pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* an amended complaint (Doc. 11) wherein Altenbach names the following Defendants: Dave Link, Tammy Ferguson, and Dave Smead. Altenbach alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated because he was subjected to constant illumination in the restricted housing unit, ("RHU"), at SCI-Benner. (*Id.*).

On April 23, 2015, Defendants filed an answer to the complaint. (Doc. 21). Presently before the Court is Plaintiff's motion for leave to filed a second amended

[1] Plaintiff is no longer incarcerated. *See* (Doc. 83).

complaint. (Doc. 70). In his motion, Plaintiff seeks to add three new Defendants and to dismiss one of the original three Defendants. (*Id.*). For the reasons that follow, Plaintiff's motion will be granted.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990); FED. R. CIV. P. 15(a)(1)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); *see Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met in order to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole*, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is futile when the claim sought to be added would be barred by the statute of limitations. *See Garvin*, 354 F.3d at 219. However, an amendment of a pleading that changes the party or the naming of the party will relate back to the date of the original pleading and therefore will not be barred by the statute of limitations when the requirements of Rule 15(c)(1)(C) are met. Federal Rule of Civil Procedure 15(c) provides:

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

Under Rule 15, "the decision whether to allow a plaintiff to amend the complaint [under Rule 15(a)] is separate from, and based upon a different standard than, the decision whether the new claim relates back to the original complaint [under Rule 15(c)]." *Eaglin v. Castle Acquisition, Inc.*, 2012 U.S. Dist. LEXIS 148590, *4 (D.V.I. Oct. 16, 2012) (quoting *Caban-Wheeler v. Elsea*, 71 F.3d 837, 840 (11th Cir. 1996)); *see also Arthur v. Maersk Inc.*, 434 F.3d 196, 202-203 (3d Cir. 2006) (explaining that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct" and comparing the standards of Rule 15(a) and Rule 15(c)). Therefore, even if Plaintiff's amended pleading meets the requirements of Rule 15(c) and would relate back to the date of the original pleading, leave to amend under Rule 15(a) may be denied if the Court determines that amendment would be "unjust" and leave should not be granted. *See Arthur*, 434 F.3d at 203; *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 39 (E.D. Pa. 1996) (holding that the proposed amendment related back under Rule 15(c) but denying leave to amend under Rule 15(a) because the interests of justice did not warrant allowing amendment).

Plaintiff's initial complaint was filed on December 23, 2014. (Doc. 1). Plaintiff then filed an amended complaint on March 2, 2015. (Doc. 11). Defendants filed their answer to the amended complaint on April 13, 2015. (Doc. 21). Plaintiff's motion for leave to file a

second amended complaint was not filed until April 12, 2016. (Doc. 70). Plaintiff has not obtained the opposing parties' written consent thus, at this point, Plaintiff is required to request leave of court to file such a pleading. *See* FED. R. CIV. P. 15(a)(2).

In the proposed second amended complaint, Plaintiff seeks to withdraw all claims against Defendant Smead, add four new counts against Defendant Link, and add constitutional claims against three new Defendants, namely, Williamson, Luciano, and Halensik. (Doc. 70). Defendants oppose Plaintiff's motion to add three new Defendants. (Doc. 74). Defendants submit that the second amended complaint is time-barred and does not relate back to Plaintiff's original complaint under Rule 15(c)(1)(C). Defendants do not appear to dispute that Plaintiff meets the first condition of Rule 15(c)(1), that the claims against Williamson, Luciano, and Halensik arose out of the same conduct, transaction, or occurrence set forth in the original pleading. (*Id.* at p. 5) (citing FED. R. CIV. P. 15(c)(1)(C)). However, Defendants assert that Plaintiff cannot satisfy the two remaining conditions, i.e., he cannot establish that the newly named Defendants received the requisite notice within the period provided by Rule 4(m) for serving the summons and complaint, and they did not know and should not have known of the action brought by Plaintiff. (*Id.* at pp. 4-9) (citing FED. R. CIV. P. 15(c)(1)(C)(i), (ii)).

Rule 15(c)(1)(C)(1) does not require actual service of process on the party sought to be added in order to satisfy the notice requirement. *Singletary v. Pa. Dep't of Corrs.*, 266

F.3d 186, 195 (3d Cir. 2001). Notice requires only knowledge of the existence of the action, not its institution. FED. R. CIV. P. 15(c)(1)(C)(i) advisory committee's note to 2007 amendment ("What counts is that the party to be brought in have notice of the existence of the action, whether or not the notice includes details as to its 'institution.'").

Notice can be imputed either under the shared attorney method, or the identity of interest method. *Singletary*, 266 F.3d at 196. The shared attorney method requires that, "when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Id.* Williamson, Luciano, Halensik were not represented by defense counsel within the first 120 days[2] and are not currently represented by the same attorney as the original Defendants. Therefore, notice cannot be imputed to Williamson, Luciano, Halensik under the shared attorney method.

Under the identity of interest method, notice is imputed to parties that "are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (quoting 6A Charles A. Wright, Federal Practice and Procedure § 1499, at 146 (2d ed. 1990)); *see also Garvin*, 354 F.3d at 223. Generally, "a non-management employee...does not share a sufficient nexus

---

[2]   At the time Plaintiff filed his original complaint, Rule 4(m) provided 120 days for service. In December 2015, the Advisory Committee on Civil Rules implemented amendments to Rule 4(m), shortening the period for service from 120 days to 90 days.

of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule [15(c)(1)(C)(i)] purposes." *Singletary*, 266 F.3d at 200. However, additional facts may permit the inference that notice was actually received. *Id.*

In *Singletary*, the Court discussed a First Circuit case where a newly added defendant prison guard had witnessed the plaintiff's stabbing by other inmates, assisted in the subsequent investigation, and had continued guarding the plaintiff. *Id.* at 198 (citing *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8 (1st Cir. 1990)). The First Circuit imputed notice to the prison guard, and noted that the originally named defendants were the prison guard's superiors, the guard was present during the stabbing, and the guard continued to work in the plaintiff's housing unit. *Id.* (citing *Ayala Serrano*, 909 F.2d at 13). The First Circuit held that "it is entirely reasonable to assume that [the prison guard] was notified or knew of the lawsuit commenced by [the prisoner] as a result of the assault." *Id.* at 13.

Similarly, notice can be imputed to Williamson, Luciano, and Halensik because original Defendant Link was the RHU unit manager and allegedly their direct supervisor, they worked in the RHU were Plaintiff was housed, and they fielded several requests from Plaintiff to be moved due to the constant illumination in his cell. The Court finds that the interests of Williamson, Luciano, and Halensik are sufficiently related to those of the original Defendants, and notice can be imputed to them under the identity of interest method.

Defendants also submit that granting the amendment would cause prejudice

because it would result in a reopening of discovery, thereby causing them to incur additional expenses. (Doc. 74, p. 10). In response, Plaintiff contends that he does not seek further discovery from the original Defendants; rather, any discovery requests would be directed to the newly named Defendants. (Doc. 75, pp. 2-3).

Prejudice may result under Rule 15(a) when a proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). Leave to amend should be granted unless equitable considerations render it otherwise unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted). Factors that may justify denying leave to amend are undue delay, bad faith, and futility. *Id.*

Plaintiff asserts that he initially only named Defendant Link based on his belief that Link was the only official who could authorize cell changes. Through discovery, Plaintiff learned that other corrections officers, namely Williamson, Luciano, and Halensik, have authority to authorize inmates to move to different cells, thus prompting him to file the instant motion to amend. Plaintiff's request to amend does not appear to be motivated by some improper purpose such as purposeful delay or bad faith. Plaintiff's second amended complaint contains the same substantive claims as those set forth in his first amended complaint. Because the second amended complaint does not affect the substance of the

alleged actions in the complaint, Defendants would not be prejudiced by granting the amendment because it would not force them to change any potential defenses. Moreover, Defendants have not yet filed a dispositive motion. The Court finds that granting Plaintiff leave to amend would not result in prejudice to any of the Defendants. Consequently, Plaintiff's request for leave to file a second amended complaint will be granted. A separate order will issue.

Date: February 13, 2017

Robert D. Mariani
United States District Judge