# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY ALTENBACH, | : | Civil No. 3:14-cv-2431 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DAVE LINK, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Gregory Altenbach ("Plaintiff"), a former Pennsylvania state inmate who, at all times relevant, was housed at the Benner Township State Correctional Institution, in Bellefonte, Pennsylvania, ("SCI-Benner"),[1] commenced this action on December 23, 2014 pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* a second amended complaint. (Doc. 89). Named as Defendants are Dave Link, Tammy Ferguson, Robert Williamson, Luciano, and Halensik. (*Id.* at pp. 2-3). Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 94). For the reasons set forth below, the Court will grant the motion to dismiss and this action will be dismissed for failure to prosecute and failure to comply with a Court order.

I. **Background**

In the amended second complaint, Altenbach alleges that his Eighth Amendment

---

[1] Plaintiff is no longer incarcerated. See (Doc. 83).

right to be free from cruel and unusual punishment was violated because he was subjected to constant illumination in the restricted housing unit ("RHU") at SCI-Benner. (Doc. 89).

On October 5, 2016, Altenbach filed a notice with the Court indicating that he was no longer incarcerated and stating that his address changed to 226 W. Early Avenue, Coaldale, Pennsylvania 18218. (Doc. 83).

On October 4, 2017, the Court issued a scheduling order setting forth the pre-trial schedule in this action. (Doc. 92). The mail was returned, unopened, as undeliverable, and marked as "moved left no address/unable to forward/return to sender." (Doc. 93).

On October 27, 2017, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 94). Altenbach failed to file a brief in response to Defendants' motion. Accordingly, on November 16, 2017, the Court ordered Altenbach to file a brief in opposition to Defendants' motion to dismiss. (Doc. 96). The order warned Altenbach that, "[f]ailure to comply with this Order may result in the granting of the motion to dismiss and/or dismissal of this case for failure to prosecute." (*Id.* at ¶ 2) (citing Federal Rule of Civil Procedure 41(b)). Altenbach failed to reply. The mail was returned, unopened, as undeliverable, and marked as "moved left no address/unable to forward/return to sender." (Doc. 97). Altenbach has not communicated with the Court since he filed the second amended complaint on February 13, 2017, and has not provided the Court with a current, updated address.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### A. Analysis of the *Poulis* Factors

#### 1. *The extent of the party's personal responsibility*

In the present matter, Altenbach is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the Court has been waiting nine months for Altenbach to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

3

### 2. *The prejudice to the adversary*

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Altenbach's continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the Defendants who seek timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

### 3. *A history of dilatoriness*

Third, Altenbach has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court orders and rules. As is clear from the procedural background of this case, Altenbach has not communicated with the Court since the filing of the second amended complaint on February 13, 2017. (Doc. 89). On November 16, 2017, the Court ordered Altenbach to respond to Defendants' motion to dismiss, and warned him that this case was subject to dismissal for failure to prosecute.

(Doc. 96). Altenbach failed to reply and failed to file a brief in response to Defendants' motion. The Court finds that over the past nine months, Altenbach has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. *See* (M.D. Pa. Local Rule of Court 83.18). Pursuant to Local Rule 83.18, a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party." M.D. Pa. L.R. 83.18. Altenbach has clearly failed to comply with the terms set forth in the Middle District of Pennsylvania Local Rule 83.18.

    *4.    Was the conduct willful or in bad faith?*

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Altenbach has offered no explanation for his failure to provide the Court with his current address, and has been less than diligent in pursuing this matter. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

    *5.    Effectiveness of sanctions other than dismissal*

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Altenbach's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Altenbach's whereabouts.

### 6. Meritoriousness of the claim

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save this Altenbach's claims, since he is now wholly non-compliant with his obligations as a litigant.

### B. Balancing of the *Poulis* Factors

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). It is clear that, following a full analysis of the factors, the majority of the six factors weigh heavily in favor of Defendants and dismissal of the action for failure to prosecute.

## III. Conclusion

Altenbach's last communication with the Court was on February 13, 2017. (Doc. 89). It is clear that Altenbach has been released from custody. *See* (Doc. 83; https://www.vinelink.com/#/search; http://inmatelocator.cor.pa.gov/#/). Altenbach's prolonged failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the *Poulis* factors, it is clear that the factors militate in favor of dismissal of Altenbach's claims.

A separate order shall issue.

Dated: November 29, 2017

Robert D. Mariani
United States District Judge